LOBRANO, J.,
CONCURS AND ASSIGNS REASONS.
hi respectfully concur in the majority opinion. As the majority wrote, the admission of the .380 caliber firearm found in Defendant’s room is not in error. However, I find that the admission of the BB gun requires additional analysis.
An armed robbery requires a “dangerous weapon.” La. R.S. 14:64. A dangerous weapon “includes any gas, liquid or. other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm.” La. R.S. 14:2 (A)(3). However, the Bill of Information accuses Defendant of using a dangerous weapon, “to wit, a firearm” and Defendant received an additional five years for use of a firearm during an armed robbery under La. R.S. 14:64.3. In other parts of the Criminal Code, see La.' R.S. 14:37.4-14:37.5, a firearm is defined as “an instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it.” A BB gun, which propels with air, does not qualify.
Given that Defendant generally -raised the impropriety of admitting both weapons, I write separately to elaborate upon why the admission of the BB gun was not in error. There was, in fact, a firearm found along with this BB gun. Further, both weapons were admitted for the purpose of showing that Defendant had access to the means to commit an armed robbery! Given that the Louisiana |2Supreme Court has determined that a BB gun can be used as the means to commit an armed robbery, see State v. Watson, 397 So.2d 1337, 1342 (La. 1981), the BB gun is highly relevant, and admitting it was not erroneous. See La. C.E. art. 402; La. C.E. art. 403.
I respectfully concur.